The act of 1862-'3, ch. 49, ratified 12 February, 1863, which repeals the proviso of section 2 of the Statute of Distributions, "In the distribution of the estates of intestates there shall be admitted among collateral kindred no representation after brothers' and sisters' children" (Revised Code, ch. 64), will, in cases to which it has application, make a very important change in a long established rule of law, and let in remote kindred who have heretofore been excluded for the purpose of avoiding the inconvenience of splitting up estates of personal property into so many parts.
This change in the law is only made when, by the right of representation, and taking the place of an ancestor, a party can bring himself (640) up to an equality with others who claim the estate. For instance, if there be a brother, or children of a deceased brother, and grandchildren of another deceased brother, the latter will, by this change of the law, be able to bring themselves up to an equality, and take the share their ancestor would have taken if living. So if there be an uncle, and children of a deceased uncle, the latter, although excluded by the old rule, will now take a share by representation.
In the case under consideration there is no change in the law; for the right of representing an ancestor, however remote, will not bring up the other claimants to an equality with the defendants, who are the children *Page 421 
of a deceased brother of the intestate; for by representing their grandfather, who was the father of the intestate, they are in one degree of the intestate; whereas none of the others can, by representing any ancestor, bring themselves nearer than two degrees.
Allow the brother and sister of the intestate's mother to represent their father; he was the grandfather of the intestate on the mother's side: that leaves them two degrees removed, if standing in place of their ancestor. Allow the grandson of the intestate's uncle to represent his great, great grandfather; he was the grandfather of the intestate: that leaves him two degrees removed. Or allow the children of intestate's aunts to represent their grandfather; he was the grandfather of intestate: and that leaves them two degrees removed after their right of representation is carried as far as it will reach.
The defendants are, therefore, entitled, being the nearest of kin; and the unlimited right of representing an ancestor cannot, in this instance, aid the other claimants.
Let the bill be dismissed at plaintiffs' costs.
(641)